IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES ROBINSON, | § | |
|     PETITIONER, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-752-Y |
| | § | |
| RODNEY W. CHANDLER, Warden,[1] | § | |
| FCI-Fort Worth, | § | |
|     RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner James Robinson, Reg. No. 60710-080, is a federal prisoner currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

The Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

---

[1] Rodney W. Chandler replaced Rebecca Tamez as Warden of FCI-Fort Worth and is automatically substituted as party respondent. FED. R. CIV. PROC. 25(d).

## C. PROCEDURAL HISTORY

The administrator for the National Inmate Appeals set out the relevant history of the case as follows:

> A review of [petitioner's] record revealed [petitioner was] sentenced on January 17, 1994, in the United States District Court for the Western District of Texas, to a 210-month term of imprisonment for Possession with Intent to Distribute More Than 500 Grams of Cocaine, with a 4-year term of supervised release to follow. On June 12, 2009, [petitioner was] arrested by local authorities in Harris County, Texas, for Evade Arrest with a Motor Vehicle and Felon in Possession of a Firearm. [Petitioner] remained in continuous custody. On June 15, 2009, [petitioner was] sentenced in the State of Texas, to a 10-year term of imprisonment for Evade Arrest with a Motor Vehicle and Felon in Possession of a Firearm. On July 29, 2009, while in service of [his] state sentence, [he] transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum.
>
> On August 27, 2009, [petitioner was] sentenced in the United States District Court for the Western District of Texas, to a 33-month term of imprisonment for Supervised Release Violation. At the time of sentencing, the federal court ordered [petitioner's] federal sentence consecutive to [petitioner's] state sentence currently being served. On August 31, 2009, [petitioner] filed a Notice of Appeal for [his] conviction. On December 10, 2009, [his] appeal was dismissed. On October 15, 2010, [petitioner was] appropriately returned to the custody of state authorities, since there was no indication that [his] "primary" custody had been relinquished to federal authorities. Furthermore, the federal judgment was lodged as a detainer with the State of Texas. [Petitioner] paroled from [his] state sentence on September 30, 2011, subsequently, becoming the exclusive custody of federal authorities.

(Pet. Attach. entitled "Administrative Remedy No. 670016-A1, Part B-Response")[2]

## D. DISCUSSION

In this petition, petitioner requests prior custody credit for the time he spent in federal custody after his sentencing in federal court from August 27, 2009, through October 18, 2010. He

---

[2]There is a discrepancy in the record regarding the date petitioner was returned to the custody of state authorities. Petitioner and Bureau of Prisons' employee Kimmela O. Boyd, a Management Analyst at the Designation and Sentence Computation Center, assert the date was October 18, 2010. (Resp't App. at 2) The National Inmate Appeals administrator asserts the date was October 15, 2010.

2

complains the extended delay in federal detention prevented him from accruing good time credit and line class status promotion in the state prison system, delayed his parole review on his state sentence, and effectively extinguished the "loan or borrow" nature of his federal detention, thereby "transmuting" his loan or borrow into full federal custody. (Pet. at 6 & Attachs.) Petitioner also requests retroactive concurrent service of his state and federal sentences. (Pet. at 5-6 & Attachs.) Petitioner sought administrative relief through the Bureau of Prisons (BOP), but the BOP disallowed prior custody credit and denied petitioner's request for concurrent service. (Resp't App. at 3-4; Pet. Attachs.)

> The administrator for the National Inmate Appeals explained the BOP's position as follows:
>
> Pursuant to Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of Title 18, United States Code § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."
>
> As the federal sentencing court did not order your sentence to be served concurrently with your undischarged state sentence, your federal sentence cannot commence prior to September 30, 2011, the date you released to the exclusive custody of federal authorities. Additionally, Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, states, "No concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service." In light of this, a retroactive concurrent *(nunc pro tunc)* designation, to effect concurrent service of your federal and state sentences is not possible in your case.
>
> Program State 5880.28, Sentence Computation Manual (CCCA 1984), states, "Time spent under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time." It is considered that the federal court "borrows" an individual under the provisions of the writ for the purpose of the court appearance. Records confirm [petitioner] received credit on [his] state sentence for the time spent in federal custody pursuant to the federal writ. Furthermore, Program Statement 5880.28, Sentence Computation Manual (CCCA 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. The period of time [petitioner] spent in the primary custody of state authorities from June 12, 2009 through September 30,

2011, was credited against [his] state sentence. As a result, the time [he] spent in the temporary custody of federal authorities from July 29, 2009 through October 15, 2010, is not creditable toward [his] federal sentence.

[Petitioner's] federal sentence has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

(Pet. Attach. "Administrative Remedy No. 670016-A1, Part B-Response")

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). *See also* Bureau of Prisons Program Statement 5880.28(c) (Feb. 14, 1997).

Section 3585(b) dictates that petitioner is not entitled to credit on his 33-month federal sentence because the time at issue was credited to his state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

2011, was credited against [his] state sentence. As a result, the time [he] spent in the temporary custody of federal authorities from July 29, 2009 through October 15, 2010, is not creditable toward [his] federal sentence.

[Petitioner's] federal sentence has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

(Pet. Attach. "Administrative Remedy No. 670016-A1, Part B-Response")

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). *See also* Bureau of Prisons Program Statement 5880.28(c) (Feb. 14, 1997).

Section 3585(b) dictates that petitioner is not entitled to credit on his 33-month federal sentence because the time at issue was credited to his state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to credit against his 33-month federal sentence for any time credited to his state sentence. This includes the time he was on federal writ ad prosequendum. *United States v. Cibrian*, No. 09-40048, slip copy, 2010 WL 1141676, at *2 (5th Cir. Mar. 24, 2010) (not designated for publication); *Richardson v. Outlaw,* 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008) (not designated for publication). Habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. *Richardson,* 274 Fed. Appx. at 353-54, 2008 WL 1747085, at *1.[3]

Nor did the BOP abuse its discretion in declining to grant petitioner's request for a nunc pro tunc designation to run his federal sentence concurrently with his state sentence. The federal judge who sentenced him expressly dictated that his federal sentence run consecutively to his already-imposed state sentence. The BOP's decision is in accordance with the federal sentencing statutes and applicable agency policy. *See* BOP Program Statement 5160.05, *Designation of State Institution*

---

[3]Petitioner cites the court to *Brown v. Perrill,* 28 F.3d 1073 (10th Cir. 1994), a Tenth Circuit case in which the court established a limited exception to this rule. (Pet. at 6; Pet'r Objection at 3) The *Brown* court found the detention of a defendant by federal authorities on a writ of habeas corpus ad prosequendum for an extended period of time "transmuted" into federal custody. *Id.* at 1075. This court is not bound by the Tenth Circuit's decision and finds no support that the Fifth Circuit has relied upon, much less adopted, the holding in *Brown*. Further, the court in *Brown* expressly "recognize[d] that [its] holding [wa]s fact specific," and declined "to announce a per se rule as to how long a state prisoner may be 'on loan' to federal authorities without the authorities taking custody of the prisoner." *Id.* Finally, *Brown* was decided under 18 U.S.C. § 3568, the predecessor to the current statute, 18 U.S.C. § 3585, which, unlike its predecessor, expressly prohibits the awarding of "double credit" for detention time applied toward a state sentence. *See Rios v. Wiley,* 201 F.3d 257, 273 (3d Cir. 2000).

*for Service of Federal Sentence* (Jan. 16, 2003) available at, http://www.bop.gov/policy (explaining that the BOP "will not allow a concurrent designation if . . . the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation").

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April __17__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April __17__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March __27__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE